UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Guy Randy White Horse,

        Petitioner,

vs.                    REPORT AND RECOMMENDATION

United States of America,

        Respondent.      Civ. No. 09-2903 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Guy Randy White Horse for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must
(continued...)

## II. Factual and Procedural Background

In 2000, criminal charges were filed against the Petitioner in the United States District Court for the District of South Dakota. A Jury in that District later found the Petitioner guilty of sexually abusing his six-year-old son, in violation of Title 18 U.S.C. §§2241(c), and 1152. In January of 2002, the Petitioner was sentenced to 262 months in prison, and he is presently serving his sentence in the Federal Correctional Institution, in Sandstone, Minnesota.

After the Petitioner was sentenced, he filed a direct appeal with our Court of Appeals, in which he challenged the validity of his conviction on several grounds. He argued, <u>inter alia</u>, that the Grand Jury's Indictment was fatally defective because it did not expressly identify him as a Native American and, as a result, the Trial Court lacked subject matter jurisdiction over his case. The Court of Appeals rejected all of

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to habeas cases brought under Title 28 U.S.C. §2241. Rule 1(b); <u>Mickelson v. United States</u>, 2002 WL 31045849 at *2 (D.Minn. September 10, 2002); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 n.1 (9th Cir. 1989); <u>Rothstein v. Pavlick</u>,1990 WL 171789 at *3.(N.D.Ill. November 1, 1990).

the Petitioner's claims, and affirmed his conviction and sentence. See, United States v. White Horse, 316 F.3d 769 (8th Cir. 2003), cert. denied, 540 U.S. 844 (2003).

The Petitioner later challenged his conviction again, by filing a Motion under Title 28 U.S.C. §2255. The Section 2255 Motion was denied by the Trial Court, and our Court of Appeals affirmed that ruling on appeal. See, White Horse v. United States, 209 Fed.Appx. 610 (8th Cir. 2006) (unpublished opinion), cert. denied, ---U.S. ---, 128 S.Ct. 272 (2007).

The Petitioner is now attempting to challenge his conviction and sentence, in a Habeas Corpus Petition which has been brought under Title 28 U.S.C. §2241. The Petitioner has summarized his current claim for relief as follows:

> Petitioner['s] claim is that the district court was in fact without jurisdiction to sentence him, due to an [sic] defective indictment under subject matter jurisdiction.

See, Petitioner's Memorandum in Support, Docket No. 2, at p. 1.

The Petitioner contends that the Indictment in his criminal case was "insufficient" and "flawed," because it did not expressly identify him as an Indian. Id. at p. 2. Therefore, the Petitioner argues, the Trial Court was "without any subject matter jurisdiction," and accordingly, his conviction should now be vacated. Id. at p. 3.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner's current challenge to his conviction and sentence is not cognizable in a Habeas Corpus Petition brought under Title 28 U.S.C. §2241.

### III. Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255. See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence. See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255***,

and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No court has jurisdiction over a Federal prisoner's collateral attack against his conviction or sentence, under Title 28 U.S.C. §2241, unless the prisoner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of ***[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of his Federal criminal conviction in the United States District Court for the District of South Dakota. Therefore, we find that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief, in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255. The matter can then be transferred to the Trial Court, for a substantive review of the prisoner's claims. Here, however, the Petitioner is precluded from seeking relief under Section 2255, because he has previously, and unsuccessfully, sought relief through a Section 2255 Motion, and because any Section 2255 Motion would now be time-barred by the one (1) year statute of limitations which is applicable to such Motions. See, <u>Title 28 U.S.C. § 2255(f), and (h)</u>.

The Petitioner may believe that the remedy of Section 2255 is "inadequate or ineffective to test the legality" of his conviction and sentence, simply because the Trial Court, and our Court of Appeals, have rejected his previous challenges to his conviction and sentence. He may believe that he can challenge his conviction and sentence, in a Section 2241 Habeas proceeding, pursuant to Section 2255's savings clause, because his past efforts have been unsuccessful, and because he is no longer eligible for relief under Section 2255. Such reasoning must be rejected.

Our Court of Appeals has plainly stated that Section 2255 will **not** be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or

successive [Section] 2255 motion, * * * or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) [citations omitted]; see also, Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under Section 2255. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "[Section] 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, supra at 963.

Here, it is plain that the Petitioner's current claims cannot be brought under Section 2241, because those claims could have been raised in his direct appeal, or in his Section 2255 Motion. The remedy provided by Section 2255 is not "inadequate or ineffective," simply because the Petitioner failed to raise his current claims for

relief in his direct appeal, or in his previous Section 2255 Motion. As our Court of Appeals explained in Abdullah:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

Abdullah v. Hedrick, supra at 963, quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Again, the Petitioner, here, could have raised all of his current claims for relief in his direct appeal, or in his Section 2255 motion. The Petitioner cannot qualify for Section 2255's savings clause, simply because he failed to raise his current claims when he had the chance.

We recognize that the Petitioner's current claims are based, at least in part, on a decision just recently issued by our Court of Appeals -- United States v. Graham, 572 F.3d 954 (8th Cir. 2009) -- but the decision in Graham does not overturn any prior Eighth Circuit precedents, or pronounce any new rule of law. The arguments that were presented, and upheld in Graham, were available to the Petitioner, and they could have been raised, if they were applicable, in his direct appeal, or in his Section 2255 Motion.

- 8 -

Once again, all of the Petitioner's current claims -- including any claims that might now be bolstered by Graham -- could have been raised in the past. Therefore, the savings clause does not allow the Petitioner to assert those claims here.[2] Since the savings clause exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his Federal criminal conviction and

---

[2]We further note that the Petitioner's current jurisdictional challenge apparently **was**, in fact, raised and adjudicated in the Petitioner's direct appeal. See United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003), cert. denied, 540 U.S. 844 (2003)(the Petitioner's "assertion that he is an Indian is relevant to the matter of proof but irrelevant on the matter of jurisdiction."). Moreover, the Court's decision in United States v. Graham, 572 F.3d 954 (8th Cir. 2009), does not cast any aspersion on the Court of Appeals' adjudication of the subject matter jurisdiction arguments, that the Petitioner raised in his direct appeal. To the contrary, Graham reaffirms that the Petitioner's jurisdictional arguments were properly rejected in his direct appeal. Id. at 956-57.

Further, Graham is clearly distinguishable from the Petitioner's case because, there, the Court was considering a **pre**-trial challenge to the sufficiency of the Indictment, whereas the Petitioner is plainly attempting to raise a **post**-trial challenge to his Indictment. Id. at 956; see also, United States v. Mechanik, 475 U.S. 66, 67 (1986)("[T]he petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted."); United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999) ("Any injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt"), citing United States v. Mechanik, supra at 73, and United States v. McKie, 831 F.2d 819, 821-22 (8th Cir. 1987).

In short, we find nothing in Graham, or elsewhere, that would allow the Petitioner to successfully invoke the savings clause under the circumstances presented here.

sentence, is barred by the Section 2255 exclusive remedy rule, and cannot be entertained here. See, <u>Bauer v. Ashcroft</u>, 2003 WL 541692 at *2 (D.Minn., February 19, 2003). Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, <u>DeSimone v. Lacy</u>, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that Section 2255 Motion was an inadequate or ineffective remedy); <u>Abdullah v. Hedrick</u>, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily DISMISSED for lack of jurisdiction.

BY THE COURT:

Dated: October 23, 2009      *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 9, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 9, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.