UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GUY RANDY WHITE HORSE, | Case No. 09-CV-2903 (PJS/RLE) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

Guy Randy White Horse, petitioner pro se.

Gregory G. Brooker, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Guy Randy White Horse's objection to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") filed on October 23, 2009. Judge Erickson recommends that White Horse's petition for habeas corpus under 28 U.S.C. § 2241 be summarily dismissed for lack of jurisdiction. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules White Horse's objection and adopts the R&R.

White Horse was convicted of aggravated sexual abuse under 18 U.S.C. §§ 2241(c) and 1152. White Horse contends that the trial court lacked jurisdiction under § 1152 because both he and his victim are Indians. The Eighth Circuit rejected this argument on direct review. *United States v. White Horse*, 316 F.3d 769, 771-73 (8th Cir. 2003). White Horse then filed a motion under 28 U.S.C. § 2255. The Eighth Circuit affirmed the district court's denial of this motion in

a brief, per curiam opinion.[1] *White Horse v. United States*, 209 Fed. Appx. 610, 610 (8th Cir. 2006).

As Judge Erickson explained, White Horse cannot collaterally attack his conviction under 28 U.S.C. § 2241, as he is attempting to do in this proceeding, unless he can establish that a motion pursuant to 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). White Horse contends that a motion under § 2255 would be inadequate or ineffective because he is procedurally barred from bringing such a motion and there has been an intervening change in the law under *United States v. Graham*, 572 F.3d 954 (8th Cir. 2009) and *Carcieri v. Salazar*, 129 S. Ct. 1058 (2009). White Horse is incorrect about an intervening change in the law.

*Graham* affirmed the pretrial dismissal of a count brought under 18 U.S.C. § 1153 because the count failed to allege that the defendant was an Indian. *Graham*, 572 F.3d at 956. The Eighth Circuit explained that, under § 1153, a defendant's status as an Indian is an essential element of the crime that must be alleged in the indictment. *Id.* *Graham* does not represent a change in the law; to the contrary, *Graham* actually relies on *White Horse* for the proposition that, although the indictment was defective, the district court did not lack jurisdiction. *Id.* at 956. Moreover, *Graham* has little to do with this case, as *Graham* involved a *pretrial* challenge to an indictment under § 1153, while White Horse brought a *post-trial* challenge to an indictment under § 1152. Nothing in *Graham* changed the law nor in any way casts doubt on the Eighth

---

[1] The Eighth Circuit did not describe White Horse's arguments in detail; White Horse asserts that he raised his jurisdictional argument in his § 2255 motion. Whether he did or did not raise the jurisdictional argument in his § 2255 motion is not particularly relevant to this case except to the extent that it tends to show that his argument is not based on any intervening change in the law.

Circuit's holding in *White Horse* that the district court was not deprived of jurisdiction over White Horse because of the alleged flaw in the indictment.

*Carcieri* is even more wide of the mark. In *Carcieri*, the Supreme Court construed the statutory definition of "Indian" in the Indian Reorganization Act ("IRA") to be limited to tribes that were under federal jurisdiction when the IRA was passed in 1934. *Carcieri*, 129 S. Ct. at 1060-61. But the definition of "Indian" in the IRA is relevant only to the meaning of the term as used in the IRA and not to criminal cases brought under § 1152. *See* 25 U.S.C. § 479 (IRA provision defining "'Indian' as used in this Act"). The term "Indian" in § 1152 is not statutorily defined; instead, courts apply a multifactor test based on *United States v. Rogers*, 45 U.S. (4 How.) 567 (1846). *See United States v. Keys*, 103 F.3d 758, 761 (9th Cir. 1996). *Carcieri* is thus irrelevant to this case.

Because neither *Graham* nor *Carcieri* represent a relevant intervening change in the law, White Horse has failed to show that a motion under § 2255 would be inadequate or ineffective to challenge his conviction. White Horse's § 2241 petition must therefore be dismissed for lack of jurisdiction.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [Docket No. 5]. IT IS HEREBY ORDERED that petitioner's 28 U.S.C. § 2241 petition for writ

of habeas corpus [Docket No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

      LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 10, 2009            s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge